FILED
CLERK
3:24 pm, Oct 06, 2021
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RICHARD KRUGER,

                    Plaintiff,

      -against-

DENNIS RYAN, Suffolk County Assistant District
Attorney, *et al.*,

                  Defendants.
----------------------------------------------------------------X

For on-line publication only

**ORDER TO SHOW CAUSE**
21-CV-1295 (JMA)(ST)

**AZRACK, United States District Judge:**

      The Court's records reflect that mail sent to Richard Kruger ("plaintiff") at his address of record was returned to the Court marked "Inmate Discharged, Insufficient Address, Unable to Forward."[1] (*See* Docket Entry 7.) Since filing this action, plaintiff has not taken any steps to prosecute it. Importantly, to date, plaintiff has not updated his address with the Court nor has he otherwise communicated with the Court since March 29, 2021. (*See* Docket Entries 1-3.)

      "The duty to inform the Court and defendants of any change of address is 'an obligation that rests with all *pro se* plaintiffs.'" *Phair v. Suffolk Cnty. Corr. Fac.*, No. 19-CV-3302, 2020 WL 3489495, *1 (E.D.N.Y. June 26, 2020) (quoting *Alomar v. Recard*, No. 07-CV-5654, 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) (citation omitted); *see also Terry v. City of New York,* No. 20-CV-0081, 2020 WL 5913409 (S.D.N.Y. Oct. 6, 2020) (citing plaintiff's "duty to . . . inform this Court's *Pro Se* Office of any change of address" in dismissing complaint for failure to prosecute) (internal citation and quotation marks omitted). As is readily apparent, this case cannot proceed unless the Court and defense counsel are able to contact plaintiff. *Tomassi v.*

---

[1] Plaintiff's address of record is at the Suffolk County Correctional Facility. However, a review of the public records maintained by the New York State Department of Corrections and Community Supervision reflect that plaintiff was discharged from that facility on July 27, 2021 to the Franklin Correctional Facility. *See* http://nysdoccslookup.doccs.ny.gov/ (last visited on September 27, 2021).

*Suffolk Cnty*, No. 19-CV-2537, 2020WL 5633069, *2 (E.D.N.Y. Sept. 21, 2020) (dismissing complaint where *pro se* plaintiff did not update his address with the Court and did not respond to defendant's letter); s*ee also Pagan v. Westchester Cnty.*, No. 12-CV-7669, 2014 WL 4953583, at *5 (S.D.N.Y. Oct. 1, 2014 ("Absent valid contact information, the Court cannot apprise the plaintiffs of their obligations in or the status of their case, and the litigation cannot proceed without their participation."). If a *pro se* litigant fails to keep the Court apprised of his or her current mailing address, "the Court may dismiss the action under Rule 41(b) [of the Federal Rules of Civil Procedure], for failure to prosecute." *Mercedes v. New York D.O.C.*, No. 12-CV-2293, 2013 WL6153208, at *2 (S.D.N.Y. Nov. 21, 2013). It appears that plaintiff has been transferred to the Franklin Correctional Facility. Accordingly, as a one-time courtesy, the Clerk of the Court shall mail a copy of this Order to Show Cause to plaintiff at that facility.

**However, on or before November 5, 2021, plaintiff must file a Notice of Change of Address providing the Court with a new address at which plaintiff can be contacted during the course of the litigation. PLAINTIFF IS ADVISED THAT HIS FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN THIS ACTION BEING DISMISSED WITHOUT PREJUDICE PURSUANT TO RULE 41(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court shall serve notice of entry of this order upon plaintiff at the Franklin Correctional Facility as provided in Rule 5(b)(C) of the Federal Rules of Civil Procedure and record such service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.

Dated:      October 6, 2021                                      /s/ (JMA)   
            Central Islip, New York               JOAN M. AZRACK
                                         United States District Judge